

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| M. GARZA ENTERPRISES, INC. and EVERETT HOLDINGS, LLC, | § | No. 08-23-00354-CV |
| | § | Appeal from |
| Appellants, | | |
| | § | 131st Judicial District Court |
| v. | | |
| | § | of Bexar County, Texas |
| JULIA PEREZ, | | |
| | § | (TC# 2022CI00753) |
| Appellee. | | |

## <u>MEMORANDUM OPINION</u>

Back for another round, M. Garza Enterprises, Inc. and Everett Holdings, LLC (collectively, Garza Enterprises) attempt to appeal the trial court's default judgment order in Julia Perez's premises liability suit.[1] We again conclude the trial court did not render a final, appealable judgment, and we dismiss the appeal for lack of subject-matter jurisdiction.

## BACKGROUND

We refer to our first opinion in this case for its background. *See M. Garza Enters., Inc. v. Perez*, No. 08-23-00110-CV, 2023 WL 8587637, at *1 (Tex. App.—El Paso Dec. 11, 2023, no pet.) (mem. op.). There, Garza Enterprises attempted to appeal the trial court's default judgment

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

order, which we concluded was not final and appealable because it did not dispose of Perez's gross negligence claim. *Id.* at *3.

Here, Garza Enterprises contends the trial court has finally disposed of all pending claims and parties through its order titled "Order Denying Plaintiff's and Receiver's Motions for Reconsideration, Defendant's Verified Plea in Abatement, Plaintiff's Motion for Contempt/Sanctions & Defendants' Motion for Sanctions and Restitution"[2] and dated September 5, 2023 (the September 5 order). The September 5 order states in its entirety:

> On June 29, 2023, the Court heard the above referenced matters. Having considered all filings on the above matter, arguments of counsel, and the law, the Court hereby ORDERS, ADJUDGES, and DECREES:
>
> 1.      Plaintiff's and receiver's motions for reconsideration are DENIED;
>
> 2.      Defendant's verified plea in abatement is DENIED without prejudice;
>
> 3.      Plaintiff's request for contempt/sanctions is DENIED;
>
> 4.      Defendants' request for sanctions is DENIED; and
>
> 5.      Defendants' restitution claim is hereby DENIED.

The order is signed by the presiding judge.

Among other things, Perez claims the September 5 order does not dispose of all Garza Enterprises' counterclaims. Garza Enterprises disagrees, maintaining that it disposed of all remaining claims between the parties such that it can now challenge the trial court's default judgment order through this appeal.

## ANALYSIS

Whether we have jurisdiction is a legal question, which we review de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). In general,

---

[2] Capitalization omitted.

a party can appeal only a final judgment, unless an exception applies to allow appellate review before final judgment, none of which are applicable here. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). While a judgment following a trial on the merits is presumed to be final, "there is no such presumption of finality following a . . . default judgment." *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005). A judgment is final when it "actually disposes of every pending claim and party or . . . it clearly unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (citing *Lehmann*, 39 S.W.3d at 205). "If the judgment clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023). Thus, we begin by determining whether the challenged order is clearly and unequivocally final on its face. *Id.*

While "no magic language is required" to satisfy the clear-and-unequivocal standard, merely stating that the order is "final" or "appealable," including a Mother Hubbard clause,[3] or awarding costs are not sufficient when standing alone. *Id.* Instead, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (citing *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019)). Here, the September 5 order contains no indication of finality on its face—it does not state the order is final or appealable, include a Mother Hubbard clause, or state that it disposes of all claims and parties. *Id.*

---

[3] A Mother Hubbard clause is "a recitation that all relief not expressly granted is denied." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001).

We therefore turn to the record to determine whether the judgment "actually disposes of every pending claim and party." *Id.* at 801–02. In sum, Perez asserted two claims against Garza Enterprises: premises liability and gross negligence. As we previously determined, the trial court's default judgment order disposed of the former but not the latter. *M. Garza*, 2023 WL 8587637, at *3. Perez later nonsuited her gross negligence claim. Perez also apparently filed a motion for sanctions and contempt, though it does not appear in the record before us.

As to Garza Enterprises, in its original answer, it asserted a restitution counterclaim and counterclaim against Perez for sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code. Garza Enterprises specifically sought sanctions for Perez's gross negligence claim as well as sanctions for Perez's premises liability claim:

> Alternatively and additionally, the premises liability claim is not supported by sufficient allegations, evidence, or a good faith belief that the claim is likely to have evidentiary support after reasonable opportunity for further investigation.

But Garza Enterprises' motion for sanctions and restitution did not request judgment on its claim for sanctions based on Perez's premises liability claim, nor did it include any allegations or argument in support of that claim. Instead, Garza Enterprises' motion for sanctions addressed only its restitution counterclaim and counterclaim for sanctions based on Perez's gross negligence claim. And a review of the reporter's record from the hearing on the motion confirms that Garza Enterprises did not raise its sanctions counterclaim based on the premises liability claim during argument.[4]

While the September 5 order states "Defendants' request for sanctions is DENIED," we presume it did not deny relief that Garza Enterprises had not requested. *Ins. Co. of State of Pa. v.*

---

[4] For example, counsel for Garza Enterprises argued "the reason why this litigation has ballooned so much is because . . . Ms. Perez's pleadings includes [sic] a frivolous claim of gross negligence for exemplary damages in a premises liability suit against the landlord. So that is the basis of the sanctions motion."

*Orosco*, 170 S.W.3d 129, 134 (Tex. App.—San Antonio 2005, no pet.) ("We presume the regularity of a judgment absent controverting evidence." (quoting *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.)). That is, the September 5 order did not deny Garza Enterprises' claim for sanctions based on the premises liability claim. Because a party's request for sanctions is considered a claim for finality-analysis purposes, the trial court's September 5 order did not dispose of all pending claims. *See Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009).

Thus, considering the record and the September 5 order's plain language, we conclude the September 5 order is not a final, appealable judgment. *See Burlington*, 167 S.W.3d at 830.

## CONCLUSION

As the trial court's September 5 order is not a final, appealable judgment, and no constitutional or statutory grant of jurisdiction otherwise permits our review of the default judgment order, we dismiss the appeal for want of jurisdiction. *See Sabre Travel Int'l, Ltd.*, 567 S.W.3d at 730. We deny Perez's request for Rule 45 sanctions against Garza Enterprises for filing a frivolous appeal.

LISA J. SOTO, Justice

June 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

5